IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JEAN KILGORE, EXECUTRIX OF THE ESTATE OF VICTOR KILGORE AND JEAN KILGORE, WIDOW IN HER OWN RIGHT,<br><br>**Plaintiffs,**<br><br>v.<br><br>**GENERAL ELECTRIC COMPANY**, *et al*.,<br><br>**Defendants.** | **CIVIL ACTION**<br><br>**NO. 2:13-cv-04029-ER**<br><br>**MDL 875**<br><br>Asbestos Case |
|---|---|

### REPLY OF GENERAL ELECTRIC COMPANY
### IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiff's Response, ECF No. 406, fails to overcome the deficiencies of this record as set forth by the Motion for Summary Judgment of General Electric Company ("GE" or "General Electric"), filed at ECF Nos. 392, *see* 395, 411, such that summary judgment is here required in favor of GE.

As to Mr. Kilgore's few months at PP&L Holtwood station, the testimony attached to Plaintiff's Response confirms that Mr. Kilgore had no exposure from, and no frequent, proximate, or regular exposure to respirable dust, if any, from any GE equipment, specifically a hydro-generator, there:

> Q. During your summer of 1950 working at this Power & Light Company, do you have any belief that you were exposed to asbestos?
> A. No.
> …
> Q. If you recall today, is there anything connected to asbestos that you know about on the GE generator?
> …
> A. No.

ECF No. 406 at 26, 33, Pl. Response Ex. B, Victor Kilgore, Dep., at 85:12-15, 308:25-309:5, *accord* ECF No. 406 at 43, Pl. Ex. C, Kilgore Dep. at 25:14-19 ("Q. … [W]as there any

insulation associated with this [GE generator]? … A. I don't know"). The social security records reference by Plaintiff's Response show mere employment, but nothing particular to GE. ECF No. 406 at 19-21, Pl. Ex. A. The specifications supplied with Plaintiff's Response concern "steam," not "hydro," turbines; apply only to certain equipment at certain times; fail to show any manufacture or supply of insulation by GE as opposed to others; and are not correlated to any alleged times, places, or worksites of Mr. Kilgore's alleged exposures. ECF 406 at 49-50, ECF 406-1 at 1-50, ECF 406-2 at 1-5, Pl. Ex. D. The state court motion and order from another plaintiff who worked at different times, places, and equipment at the Holtwood plant, fail to provide legal authority or evidence as to Mr. Kilgore's alleged exposures. ECF 406-2 at 6-27, Pl. Ex. E. In sum, such testimony and exhibits corroborate the lack of evidence of any GE exposure at Holtwood as detailed in GE's motion, such that summary judgment is here required. *See,* GE Mot. Sum. J., ECF 392 at 6-7, § II.B.1.

Similarly, as to the *USS Navarro*, the testimony supplied with Plaintiff's Response confirms the lack of evidence sufficient to show any causative exposure to Mr. Kilgore from any alleged GE asbestos-containing product, if any:

> Q. Do you know who made that insulation on the steam pipes on the ship?
> A. No.
> …
> Q. Do you recall anything else about that job [of installing generators]?
> A. No.
> Q. Do you recall any of the pipecovering being disturbed when the generators were installed?
> A. No. I just assume it. Because it wasn't my area I didn't pay any attention to it.
> …
> Q. Now, was the installation of the generators --- did you see any work done the turbines or boilers at Norfolk?
> A. No.

ECF 406 at 32, 36, Kilgore Dep. at 203:12-14, 318:16-24, 319:19-22. Such testimony validates lack of GE exposure evidence, and lack of identification of any GE asbestos-containing product to which Mr. Kilgore may have been exposed for his service on the *USS Navarro*. *See,* GE Mot. Sum. J., ECF 392 at 7-8, § II.B.2.

As to the *USS Wrangell,* which Mr. Kilgore joined in and after 1955, Plaintiff's Response fails to cite any testimony or evidence connecting Mr. Kilgore to any alleged GE equipment on the ship. *See,* ECF 406 at 3-4. Although Plaintiff attaches a Navy document that during a 1951 "reactivation" of the *USS Navarro*, that as to GE turbines on the ship, after certain inspections, an unidentified "contractor shall furnish labor and material to reinsulate turbines," ECF 406-2 at 53, Pl. Ex. H, the contractor is not identified. Nor is there any evidence that any such replaced insulation remained four years later, when Mr. Kilgore was first aboard ship. And, significantly, none of the testimony or evidence attributes any exposure of Mr. Kilgore on the *USS Wrangell* to any such turbines, nor to the disturbing of any insulation on them, per the testimony as detailed in GE's motion. *See,* GE Mot. Sum. J., ECF 392 at 8-9, § II.B.3. Consequently, the record requires summary judgment.

For the remainder of Mr. Kilgore's career, Plaintiff's Response offers no evidence concerning any alleged GE exposure. ECF 406, *passim.*

The exhibits supplied by Plaintiff's Response also fail to cure the evidentiary deficiencies. As noted, the specifications supplied relate only to certain products, and are not correlated to any alleged times, places, or worksites of Mr. Kilgore's alleged exposures. ECF 406 at 49-50, ECF 406-1 at 1-50, ECF 406-2 at 1-5, Pl. Ex. D. The Navy documents supplied by plaintiff fail to identify GE as the manufacturer or supplier of any external insulation to which

Mr. Kilgore may have been exposed. Pl. Exs. F, I. The interrogatory answers of GE assert appropriate objections, but show no exposure to Mr. Kilgore. Pl. Ex. G. The affidavit of plaintiff's liability expert, Arthur Faherty, fails to mention GE by name, and as to any equipment on the ships, including turbines, merely attributes any potential exposures of Mr. Kilgore on the US Navy ships to removal or replacement of external "lagging and insulation" from non-identified suppliers. Pl. Ex. J. Plaintiff's medical expert report and attachments from Dr. Arthur Frank offer no evidence as to product identification or particular exposures. Pl. Ex. L. The state trial-court motions and orders from other cases provide neither legal authority nor any evidence regarding the claims of Mr. Kilgore. Pl. Ex. M. Thus, these exhibits fail to overcome the deficiencies of evidence requiring summary judgment.

The legal arguments of Plaintiff's Response also lack merit.

Regarding maritime law, Plaintiff's Response offers no evidence of any alleged GE exposure of Mr. Kilgore during his U.S. Navy career other than aboard ships. Pl. Response, ECF 406, *passim*. Plaintiff's arguments that "ship yard work is not subject to maritime law," and that when Navy ships "were in drydock being repaired they were not engaged in maritime activity," Pl. Response, ECF 406 at 5, 6, §§ II.A., II.C., ignore this Court's distinctions between land-based and ship-based work; and this Court's well-supported holdings that ships under repair at dock or in drydock remain maritime subjects; that alleged asbestos exposures onboard such ships in dock or drydock meet the locality and connection tests; and are subject to maritime law. *See, e.g., Conner v. Alfa Laval, Inc.*, 799 F. Supp. 2d 455, 466 (E.D. Pa. 2011) (Robreno, J.) (work on "navigable waters" includes work performed on ships in dock or drydock at shipyards). Thus, maritime law applies here to Mr. Kilgore's alleged exposures while on U.S. Navy ships, and requires summary judgment. *See,* Gen. Elec. Mot. Sum. J., ECF 392.

4

The arguments in Plaintiff's Response drawing from cases addressing negligence of "shipbuilders," s*ee,* Pl. Response, ECF 406 at 6-7, § III., concern an entity with a different role and range of responsibilities than an equipment-manufacturer, such as GE, and are inapplicable here. The arguments asserted by Plaintiff's Response have previously been rejected by this Court. *Contrast, Salisbury v. Asbestos Corp. Ltd.*, MDL 875, U.S.D.C., E.D. Pa. 2:12-cv-60168-ER, 2014 WL 345214, *5 (E.D. Pa. Jan. 29, 2014) ("it [was] undisputed that the [shipbuilder] defendant installed asbestos insulation aboard the ship"), *and Filer v. Foster Wheeler, LLC,* MDL 875, E.D. Pa. Civil Action No. 2:12–cv-60034–ER, 2014 WL 345221, *9 n. 8, 10-11 (E.D. Pa. Jan. 29, 2014) (shipbuilder provides "services" in assembling "thousands" of products into a new chattel, the ship; "a shipbuilder is most akin to a provider of services"), *with Conner v. Alfa Laval, Inc.,* 842 F. Supp. 2d 791, 801 (E.D. Pa. 2012) (granting summary judgment to equipment-manufacturer, "a manufacturer is not liable for harm caused by, and owes no duty to warn of the hazards inherent in, asbestos products that the manufacturer did not manufacture or distribute."). *See, e.g., Carper v. Gen. Elec. Co.,* MDL 875, E.D. Pa. Civil Action No. 2:12–cv-06164–ER, ECF 111 (E.D. Pa. Sep. 3, 2014) (granting summary judgment to equipment-manufacturer despite plaintiff having raised same shipbuilder-case arguments).

Plaintiff's arguments regarding Pennsylvania asbestos-exposure law, *see* Pl. Response, ECF 406 at 5-6, 8-9, §§ II.C., II.D., V., fail to overcome the lack of evidence, showing that Mr. Kilgore, whether at the Holtwood plant or elsewhere, either had no exposure from, and also had no frequent, proximate, or regular exposure to respirable dust, if any, shed by any properly identified GE asbestos-containing product, sufficient to meet the standards of Pennsylvania law. *Gregg v. V-J Auto Parts Company*, 596 Pa. 274, 292, 943 A.2d 216, 227 (2007), and *Eckenrod v. GAF Corp.*, 375 Pa. Super. 187, 190-92, 544 A.2d 50, 52-53, *appeal denied*, 520 Pa. 605, 553

A.2d (1988), *accord, Krauss v. Trane U.S. Inc.,* 2014 Pa. Super 241, ___ A.3d ___ (Pa. Super. Oct. 22, 2014) (affirming grant of summary judgment to, *inter alia,* GE in asbestos case, reviewing standards of Pennsylvania asbestos exposure law). Thus, summary judgment is required on these grounds as well. *See,* GE Mot. Sum. J., ECF 392.

Regarding the statute of repose, 42 Pa.C.S.A. § 5536, Plaintiff's Response fails to offer any evidence to refute the undisputed facts that the only land-based products of GE in issue, alleged hydro-generators at the PP&L Holtwood Station, encountered in the 1950's, are permanent improvements to real property that were designed and completed more than twelve years before the filing of this civil action, such that plaintiffs' claims are barred by that statute of repose. The arguments of Plaintiff's Response regarding this statute, Pl. Response, ECF 406 at 9-14, § V., fail to overcome the clear, recent, and unequivocal Pennsylvania appellate authority applying that statute of repose to require legal dismissal from a latent-disease asbestos case of the defendant-manufacturer of a permanent-improvement product, like the turbines or generators in issue here, completed more than twelve years before the filing of the civil action. *Graver v. Foster Wheeler Corp.*, 96 A.3d 383 (Pa. Super. 2014). Thus, this legal principle also requires summary judgment. *See,* GE Mot. Sum. J., ECF 392.

Regarding remaining issues, including the government-contractor defense, if reached, GE relies upon the arguments set forth in its motion.

Accordingly, as set forth more fully in its Motion for Summary Judgment, ECF 392, *see* 395, 411, summary judgment must be granted to General Electric Company as to all of plaintiff's claims and all cross-claims by entry of an Order as there attached.

Respectfully submitted,

Dated: November 5, 2014     /s/ John P. McShea
John P. McShea
Conrad O. Kattner
McSHEA LAW FIRM, P.C.
Centre Square, West Tower
1500 Market Street, 40th Floor
Philadelphia, PA 19102
(215) 599-0800

*Attorneys for Defendant,*
*General Electric Company*

**CERTIFICATE OF SERVICE**

This is to certify that on this 5th day of November, 2014, a true and correct copy of the foregoing REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT, GENERAL ELECTRIC COMPANY was served on all counsel of record, *via electronic filing*.

/s/ John P. McShea
John P. McShea