IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR B. KILGORE, ET AL., | : | CONSOLIDATED UNDER |
| | : | MDL 875 |
| Plaintiffs, | : | |
| v. | : | |
| ALLEN-BRADLEY COMPANY, | : | E.D. PA CIVIL ACTION NO. |
| ET AL., | : | 2:13-04029-ER |
| Defendants. | : | |

# O R D E R

**AND NOW**, this **10th** day of **November, 2014**, it is hereby **ORDERED** that the Motion for Summary Judgment of Defendant DAP, Inc. (Doc. No. 377) is **GRANTED**.[1]

---

[1] This case was removed in July of 2013 from the Court of Common Pleas of Philadelphia to the United States District Court for the Eastern District of Pennsylvania as part of MDL-875.

Plaintiffs allege that Victor Kilgore ("Plaintiff" or "Mr. Kilgore") was exposed to asbestos, <u>inter alia</u>, while working as a carpenter's apprentice at Aberden Proving Ground in Maryland during the years 1962 to 1988. Plaintiffs allege that Defendant DAP, Inc. ("DAP") manufactured a glazing compound that contained asbestos. The alleged asbestos exposure pertinent to Defendant occurred at Aberden.

Plaintiffs assert that Mr. Kilgore developed mesothelioma as a result of exposure to asbestos from Defendant's products. He was deposed in June of 2013.

Plaintiffs brought claims against various defendants. Defendant has moved for summary judgment, arguing that there is insufficient evidence to establish causation with respect to its product(s).

Defendant asserts that Pennsylvania law applies. Plaintiffs contend that, because the exposure was in Maryland, Maryland law applies.

## II. Legal Standard

### A. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

### B. The Applicable Law

Defendant asserts that Pennsylvania law applies. Plaintiffs contend that Maryland law applies. The alleged exposures pertinent to Defendant occurred exclusively in Maryland. Therefore, the Court will apply Maryland law to Plaintiffs' claims against Defendant. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); see also Guaranty Trust Co. v. York, 326 U.S. 99, 108 (1945).

### C. Product Identification/Causation Under Maryland Law

This Court last addressed the standard for product identification/causation in an asbestos case under Maryland law in January of 2011, in Walker v. Owens-Illinois Glass Corp., No. 07-62843, 2011 WL 4790626 (E.D. Pa. Jan. 28, 2011)(Robreno, J.).

In Walker, this Court wrote:

> In Eagle-Picher Industries, Inc. v. Balbos, two shipyard workers alleged that they had contracted mesothelioma due to exposure to several defendants asbestos-containing products at different Bethlehem Steel Shipyards. 326 Md. 179, 604 A.2d 445, 449 (Md. 1992). In considering whether Eagle's powder, which contained asbestos, was a substantial cause of either plaintiffs' mesothelioma, the court noted that, "evaluation of that argument requires an appreciation of the workplace environment of each decedent." Id. at 457. The court determined that direct evidence of exposure is not required and that rather, circumstantial evidence can be sufficient. Id. at 460 (citing Roehling v. Nat'l Gypsum Co. Gold Bond Bldg. Products, 786 F.2d 1225, 1228 (4th Cir.1986). The court determined that:
>
>> Whether the exposure of any given bystander to any particular supplier's product will be legally sufficient to permit a finding of substantial-factor causation is fact specific to each case. The finding involves the interrelationship between the use of a defendant's product at the workplace. This requires an understanding of the physical characteristics of the workplace and of the relationship between the activities of the direct users of the product and the bystander plaintiff. (Internal citation omitted). Within that context, the factors to be evaluated include the nature of the product, the frequency of its use, the proximity, in distance and in time, of a plaintiff to the use of a product, and the regularity of the exposure of that plaintiff to the use of that product. (See Lohrmann v. Pittsburgh Corning Corp., 782 F.2d 1156, 1162-63 (4th Cir.); other internal citations omitted). In addition, trial courts must consider the evidence presented as to medical causation of the plaintiffs particular disease. (Internal quotations omitted.)
>
> Balbos, 604 A.2d at 460.

3

In AC & S, Inc. v. Godwin, the Court of Appeals of Maryland applied the "frequency, regularity, and proximity" test in deciding the appeals of three plaintiffs who had never worked directly with asbestos-containing products. 340 Md. 334, 667 A.2d 116, 123 (Md. 1995). Plaintiffs presented product identification witnesses who identified Defendant's product as being used at the Bethlehem Steel plaint and indicated that outside contractors were in the vicinity when these products were used. Id. Russell, one of the plaintiffs in Godwin, was a pipefitter who worked for various contractors at Bethlehem Steel. Id. at 125. Russell testified that he worked at certain mills at Bethlehem Steel. Id. Russell testified that he was exposed to asbestos, but could not recall the names of any manufacturers. Id. There was also evidence that Bethlehem Steel pipe coverers used asbestos during the time Russell worked there and that Russell worked in proximity to Bethlehem Steel employees. Id. at 125-26. The court found that there was sufficient evidence of substantial causation to take the case to the jury on the behalf of Russell. Id. at 126.

In Reiter v. Pneumo Abex, LLC, the Maryland Court of Appeals granted defendants' motions for summary judgment as to several plaintiffs' bystander claims. 2010 WL 4670579, at 5 (Md. Nov. 19, 2010). Plaintiffs each presented evidence that they had worked in certain mills at the Bethlehem Steel Sparrows Point facility and that defendants' asbestos-containing brakes were in these mills. Id. at 2. The court held that taking into account the "massive cavernous size" of the facilities as well as the distance from laborers to the braking systems on the cranes" plaintiffs failed to present sufficient evidence of proximity to survive summary judgment. Id. at 5.

In summary, the Court of Appeals of Maryland has liberally applied the "frequency, regularity, and proximity" test and allowed plaintiffs to survive summary judgment with circumstantial evidence of exposure. However, the Court of Appeals of Maryland has required plaintiffs to identify their specific area of exposure and has considered the size of the facility at issue in determining whether plaintiffs have shown proximity through circumstantial evidence of exposure.

4

Walker, 2011 WL 4790626.

Since the time of this Court's decision in Walker, the Maryland Court of Appeals has confirmed that Maryland utilizes the "frequency, regularity, and proximity test," and that circumstantial evidence of exposure - even absent any direct evidence of exposure - is sufficient to establish causation. Scapa Dryer Fabrics, Inc. v. Saville, 418 Md. 496, 504-511, 16 A.3d 159, 163-168 (Md. 2011).

### III. Defendant DAP's Motion for Summary Judgment

#### A. Defendant's Arguments

Defendant contends that Plaintiffs' evidence is insufficient to establish that any product for which it is responsible caused the illness at issue.

#### B. Plaintiffs' Arguments

Plaintiffs contend that they have identified sufficient product identification/causation evidence to survive summary judgment. In support of this assertion, they cite to the following evidence, summarized in pertinent part as follows:

- Depositions of Plaintiff
  Mr. Kilgore testified that he worked at the Aberden Proving Ground from 1962 to 1988. He testified that he worked with DAP joint compound and glaze there in the 1970s, and that, sometimes, he would scrape the glaze off of the putty knife he applied it with (presumably creating some dust).

  (Pl. Ex. A, Doc. No. 402.)

- Depositions of Co-Worker (James Miller)
  Co-worker James Miller testified that, beginning in 1979 and lasting through 1988, he worked side by side with Mr. Kilgore at Aberden. He provides testimony that approximately once per week, beginning in about 1980, he and Mr. Kilgore applied DAP caulk to tubs and sinks. He testified that the caulk was moist when applied, so it did

not create dust. He provides testimony that
sometimes he and Mr. Kilgore would have to go
back and redo a caulking job, which required
removing the DAP caulk they had applied,
which released respirable particles into the
air. He also explained that they often
removed old caulking before applying DAP
caulk, but that he did not know who had
manufactured the old caulking. He testified
that he never saw Mr. Kilgore wearing
breathing protection and that he never saw
any warnings from DAP about hazards of the
asbestos in the product. When asked how he
had learned about the asbestos content of the
DAP caulk, he said he learned about it after
the fact from another co-worker who was a
friend.

(Pl. Exs. B and C, Doc. No. 402.)

- Exhibit From Deposition of Defendant's
Corporate Representative (William T. Gooch)
Plaintiffs point to an exhibit from the
deposition of Mr. Gooch, who worked for DAP
from 1973 to 1980. The document lists
numerous asbestos-containing products that it
identifies as being manufactured by
Defendant, including glazes.

(Pl. Ex. D, Doc. No. 402.)

C. Analysis

Plaintiffs allege that Mr. Kilgore was exposed to
asbestos from a glazing compound manufactured by Defendant. There
is evidence that Mr. Kilgore worked with DAP "joint compound and
glaze" in the 1970s. There is evidence that he worked with DAP
caulking beginning in about 1980. There is evidence that he
applied the caulking about once per week on average (a process
that did not create respirable dust or particles), and that on
occasion, he would have to re-do a DAP caulking job, which was a
process that involved removing the initially applied DAP
caulking, which would release respirable particles. There is
evidence that this caulking contained asbestos, and that DAP
manufactured both caulking and glaze products that contained
asbestos.

6

E.D. Pa. No. 2:13-04029-ER          AND IT IS SO ORDERED.

```
                                    /s/ Eduardo C. Robreno
                                    _____
                                    EDUARDO C. ROBRENO, J.
```

---

        Importantly, however, there is no evidence that Mr. Kilgore was exposed to respirable dust from a DAP product (asbestos-containing or otherwise) with the frequency, regularity, and proximity required by Maryland law. Although the evidence indicates that he applied DAP caulk frequently, the evidence indicates that he was only exposed to respirable particles from it occasionally, during the re-do jobs. (There is no evidence that he was exposed to respirable dust or particles from any "joint compound" or "glaze" product separate from what the co-worker describes as "caulk.") As such, no reasonable jury could conclude from the evidence that any product manufactured or supplied by Defendant was a substantial factor in the development of Mr. Kilgore's mesothelioma because any such finding would be based on conjecture. See Scapa Dryer Fabrics, 418 Md. at 504-511. Accordingly, summary judgment in favor of Defendant is warranted. Anderson, 477 U.S. at 248-50.

### D.   Conclusion

        Summary judgment in favor of Defendant is granted because Plaintiffs have failed to identify sufficient evidence of product identification/causation to support their claims.