## UNITED STATES DISTRICT COURT OF THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN KILGORE, AS EXECUTRIX OF THE ESTATE OF VICTOR B. KILGORE, AND IN HER OWN RIGHT, | MDL Docket No. 875 |
| | Civil Action No. 2:13-CV-04029-ER |
| Vs. | |
| | ASBESTOS CASE |
| GEORGIA-PACIFIC LLC, et. al. | |

## ORDER

**AND NOW,** this_____ day of_____, 2014, upon consideration

of the Motion for Reconsideration of the Order Granting in Part and Denying in Part the

Motion for Summary Judgment filed by Defendant Georgia-Pacific LLC (document 424),

and any opposition thereto, it is **ORDERED** that the Motion is **GRANTED** and the

Plaintiff's claims against Georgia-Pacific LLC are dismissed with prejudice.

**BY THE COURT:**

_____
Eduardo C. Robreno, U.S.D.J.

## UNITED STATES DISTRICT COURT OF THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN KILGORE, AS EXECUTRIX OF THE ESTATE OF VICTOR B. KILGORE, AND IN HER OWN RIGHT, | MDL Docket No. 875 |
| | Civil Action No. 2:13-CV-04029-ER |
| Vs. | |
| | ASBESTOS CASE |
| GEORGIA-PACIFIC LLC, et. al. | |

### MOTION FOR RECONSIDERATION OF THE ORDER GRANTING IN PART AND DENYING IN PART THE MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANT GEORGIA-PACIFIC LLC (DOCUMENT 424)

Defendant Georgia-Pacific LLC ("Georgia-Pacific"), by and through its undersigned attorneys, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., and pursuant to Local Rule 7.1, respectfully moves for reconsideration of the November 10, 2014 Order Granting in Part and Denying in Part the Motion for Summary Judgment Filed by Defendant Georgia-Pacific LLC, and, in support thereof, states as follows:

1.      Georgia-Pacific respectfully submits that it is entitled to reconsideration of this Court's November 10, 2014 Order granting in part and denying in part its motion for summary judgment. Specifically, Georgia-Pacific believes this Court has made a manifest error of fact in its determination that Plaintiff's Decedent, Victor B. Kilgore, worked with Georgia-Pacific joint compound from 1962 to 1988. It is Georgia-Pacific's position that the

proffered evidence shows only that Decedent worked with Georgia-Pacific joint compound beginning in 1979, after it ceased to contain asbestos in 1977.

2.     "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlontnicki, 779 F.2d 906, 909 (3rd Cir. 1985). A motion for reconsideration should be filed "(1) when there is an intervening change in the controlling law, (2) when there is new evidence not previously available, or (3) when there is the need to correct a clear error of law or fact or to prevent a manifest injustice." Rock v. Asure, 2012 U.S. Dist. LEXIS 128767, 4 (M.D. Pa. 2012), citing Howard Hess Dental Labs Inc. v. Dentsply Intern, Inc., 602 F.3d 237, 251 (3rd Cir. 2010). A motion for reconsideration "is not to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment." Id., citing Waye v. First Citizen's Nat'l Bank, 846 F.Supp. 310, 314 (M.D. Pa. 1994).

3.     As this Court has held, Maryland law applies to this matter. As this Court is aware, Maryland follows a "frequency, regularity, and proximity" test for causation as set forth in AC&S, Inc. v. Godwin. 667 A.2d 116, 123 (Md. 1995). Maryland law allows for causation to be proven by circumstantial evidence. Scapa Dryer Fabrics, Inc. v. Saville, 16 A.3d 159, 163-168 (Md. 2011).

4.     Georgia-Pacific filed a motion for summary judgment in this matter on September 22, 2014 (doc. No. 389).

5.     In its motion, Georgia-Pacific argued it was entitled to summary judgment on two grounds: (1) Plaintiff's decedent was not exposed to asbestos through Georgia-Pacific roof coating because there was no testimony he was exposed to respirable dust from the product,

and (2) there was no evidence Plaintiff's decedent was exposed to asbestos through Georgia-Pacific joint compound because it ceased to contain asbestos in 1977, but his coworker, James Miller, could not testify to its use before 1979.

6.     This Court granted Georgia-Pacific's motion as to the first ground, but denied it as to the second ground.

7.     In support of its denial of Georgia-Pacific's second ground for summary judgment, this Court wrote in its Order that "[Decedent] testified that he used Georgia-Pacific joint compound throughout his entire 26 years at Aberdeen," and "[t]here is evidence that [Decedent] worked with Georgia-Pacific Ready Mix joint compound during his entire 26 years at Aberdeen (beginning in 1962)." Court's Order dated November 10, 2014 (doc. no. 424), attached hereto as "Exhibit A." Georgia-Pacific respectfully submits that this is inaccurate.

8.     Decedent testified on multiple occasions that he did not recall working with any Georgia-Pacific product other than roof coating. See Decedent's June 27, 2003 Discovery Deposition, attached hereto as "Exhibit B," at 304:10-15; 343:10-13. Plaintiff, in her opposition to Georgia-Pacific's motion, did not offer any evidence to the contrary. See Plaintiff's Answer to Motion for Summary Judgment of Georgia-Pacific (doc. no. 400), attached hereto as "Exhibit C."

9.     Decedent's coworker James Miller testified he started working with Decedent in 1979. See James Miller's February 21, 2014 Videotape Deposition, attached hereto as "Exhibit D," at 14:18-22; 16:7-23. Mr. Miller did not, and could not, offer any testimony concerning any alleged use of any Georgia-Pacific product prior to 1979. Id.

10.     Indeed, Plaintiff's opposition fails to even allege that Mr. Miller's testimony can be used as circumstantial evidence of what happened prior to 1979. Rather, Plaintiff used a "stockpile" theory, alleging asbestos-containing joint compound left over from 1977 could have been used in 1979. See Exhibit C. Plaintiff's opposition has offered no well-pleaded facts or evidence to support this theory.

11.     It is not disputed that Georgia-Pacific did not manufacture or sell any asbestos-containing joint compound after 1977.

12.     Georgia-Pacific respectfully requests that this Court reconsider the evidence and grant Georgia-Pacific's motion for summary judgment in full. Georgia-Pacific hereby requests that oral argument be held on this matter.

WHEREFORE, for all of the reasons stated herein, defendant Georgia-Pacific LLC respectfully requests that this Honorable Court grant this Motion for Reconsideration of the November 10, 2014 Order Granting in Part and Denying in Part the Motion for Summary Judgment Filed by Defendant Georgia-Pacific LLC, and dismiss the Plaintiffs' claims against Georgia-Pacific LLC with prejudice based on the absence of liability evidence against Georgia-Pacific LLC and grant such other relief that is just and proper.

Respectfully submitted this 24th day of November, 2014

BY:     /s/ Kevin J. O'Brien   KJ4408
        Kevin J. O'Brien (PA ID 38393)
        **MARKS O'NEILL O'BRIEN**
        **DOHERTY & KELLY, P.C.**
        1800 JFK Blvd., Suite 1900
        Philadelphia, PA 19103
        (215) 564-6688

Attorneys for Defendant, Georgia-Pacific LLC

| | |
|---|---|
| JEAN KILGORE, AS EXECUTRIX OF THE ESTATE OF VICTOR B. KILGORE, AND IN HER OWN RIGHT, | MDL Docket No. 875 |
| | Civil Action No. 2:13-CV-04029-ER |
| Vs. | |
| | ASBESTOS CASE |
| GEORGIA-PACIFIC LLC, et. al. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GEORGIA-PACIFIC LLC'S MOTION FOR RECONSIDERATION OF THE ORDER GRANTING IN PART AND DENYING IN PART THE MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANT GEORGIA-PACIFIC LLC (DOCUMENT 424)

Defendant Georgia-Pacific LLC ("Georgia-Pacific"), by and through its undersigned attorneys, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., and pursuant to Local Rule 7.1, moves for reconsideration of the November 10, 2014 Order Granting in Part and Denying in Part the Motion for Summary Judgment Filed by Defendant Georgia-Pacific LLC, and, in support thereof, states as follows:

## I. INTRODUCTION

Georgia-Pacific respectfully submits that this Court has made a manifest error of fact in its Order denying in part the motion for summary judgment of Georgia-Pacific, wherein it determined there was evidence Decedent was exposed to asbestos through Georgia-Pacific joint compound. Georgia-Pacific respectfully submits that the evidence

submitted to the Court shows no use of Georgia-Pacific joint compound until 1979, after all Georgia-Pacific products ceased to contain asbestos.

Georgia-Pacific filed a motion for summary judgment in this matter on September 22, 2014 (doc. No. 389). In its motion, Georgia-Pacific argued it was entitled to summary judgment on two grounds: (1) Plaintiff's decedent was not exposed to asbestos through Georgia-Pacific roof coating because there was no testimony he was exposed to respirable dust from the product, and (2) there was no evidence Plaintiff's decedent was exposed to asbestos through Georgia-Pacific joint compound because the product ceased to contain asbestos in 1977 but his coworker, James Miller, could not testify to its use before 1979. On November 10, 2014, this Court granted Georgia-Pacific's motion as to the first ground, but denied it as to the second ground (doc. no. 424).

In support of its denial of Georgia-Pacific's second ground for summary judgment, this Court wrote in its Order that "[Decedent] testified that he used Georgia-Pacific joint compound throughout his entire 26 years at Aberdeen," and "[t]here is evidence that [Decedent] worked with Georgia-Pacific Ready Mix joint compound during his entire 26 years at Aberdeen (beginning in 1962)." Court's Order dated November 10, 2014 (doc. no. 424), attached hereto as "Exhibit A." Georgia-Pacific respectfully submits that this is inaccurate.

Decedent testified on multiple occasions that he did not recall working with any Georgia-Pacific product other than roof coating:

> Q. Are there any other Georgia-Pacific products that you can remember other than the roof coating today?

A.    **No.**

...

Q.    Is the only Georgia-Pacific product you recall the roof coating that we talked about, or anything else?

A.    **Right.**

Decedent's June 27, 2013 Discovery Deposition, attached hereto as "Exhibit B," at 304:10-15; 343:10-13. Plaintiff, in her opposition to Georgia-Pacific's motion, did not offer any evidence to the contrary, because none exists. See Plaintiff's Answer to Motion for Summary Judgment of Georgia-Pacific (doc. no. 400), attached hereto as "Exhibit C."

As highlighted in Georgia-Pacific's original motion, Decedent's coworker James Miller testified he started working with Decedent in 1979. See James Miller's February 21, 2014 Videotape Deposition, attached hereto as "Exhibit D," at 14:18-22; 16:7-23. Mr. Miller did not, and could not, offer any testimony concerning any alleged use of any Georgia-Pacific product prior to 1979. Id.

Indeed, Plaintiff's opposition fails to even allege that Mr. Miller's testimony can be used as circumstantial evidence of what happened prior to 1979. Rather, Plaintiff used a "stockpile" theory, alleging asbestos-containing joint compound left over from 1977 could have been used in 1979. See Exhibit C. Again, Plaintiff's opposition offered no evidence that Decedent used Georgia-Pacific asbestos-containing joint compound prior to 1979, because none existed. Plaintiff has not produced any evidence that supports the "stockpile" theory. A theory is not enough to defeat a motion for summary judgment. Plaintiff must come forward with proof that Decedent inhaled respirable fibers from the defendant's asbestos-containing product on a frequent, regular, and proximate basis.

## II.    LEGAL STANDARD

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlontnicki, 779 F.2d 906, 909 (3rd Cir. 1985). A motion for reconsideration should be filed "(1) when there is an intervening change in the controlling law, (2) when there is new evidence not previously available, or (3) when there is the need to correct a clear error of law or fact or to prevent a manifest injustice." Rock v. Asure, 2012 U.S. Dist. LEXIS 128767, 4 (M.D. Pa. 2012), citing Howard Hess Dental Labs Inc. v. Dentsply Intern, Inc., 602 F.3d 237, 251 (3rd Cir. 2010). A motion for reconsideration "is not to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment." Id., citing Waye v. First Citizen's Nat'l Bank, 846 F.Supp. 310, 314 (M.D. Pa. 1994).

As this Court has held, Maryland law applies to this matter. As this Court is aware, Maryland follows a "frequency, regularity, and proximity" test for causation as set forth in AC&S, Inc. v. Godwin. 667 A.2d 116, 123 (Md. 1995). Maryland law allows for causation to be proven by circumstantial evidence. Scapa Dryer Fabrics, Inc. v. Saville, 16 A.3d 159, 163-168 (Md. 2011).

## III.    ARGUMENT

Georgia-Pacific submits that the Court has made an error of fact in its conclusion that there is evidence Decedent was exposed to asbestos through Georgia-Pacific joint compound. Plaintiff's own evidence in opposition of Georgia-Pacific's motion for summary judgment established that Decedent could only recall working with Georgia-Pacific roof coating, and that he did not identify joint compound. It also established that

Mr. Miller could only testify Decedent worked with Georgia-Pacific joint compound after 1979. The court accepted Georgia-Pacific's evidence that Georgia-Pacific ceased to manufacture products containing asbestos in 1977. Accordingly, there is no evidence that Decedent worked with Georgia-Pacific joint compound when it contained asbestos.

Respectfully, Georgia-Pacific submits that the Court's conclusion that "[t]here is evidence that [Decedent] worked with Georgia-Pacific Ready Mix joint compound during his entire 26 years at Aberdeen (beginning in 1962)" is unfounded and represents a manifest error of fact. The evidence does not prove Georgia-Pacific joint compound was present at Aberdeen beginning in 1962; it proves it was there in 1979, at the earliest. Decedent himself could not identify Georgia-Pacific for joint compound at all. Georgia-Pacific ceased making asbestos containing products in 1977. Mr. Miller could not testify to any events prior to 1979. Plaintiff did not contest any of these facts in her opposition. Respectfully, it is Georgia-Pacific's position that there is no evidence whatsoever supporting the Court's conclusion, much less circumstantial evidence.

## III. CONCLUSION

Georgia-Pacific respectfully requests that this Court reconsider the evidence and grant Georgia-Pacific's Motion for Reconsideration of the November 10, 2014 Order Granting in Part and Denying in Part the Motion for Summary Judgment Filed by Defendant Georgia-Pacific LLC, and dismiss the Plaintiffs' claims against Georgia-Pacific LLC with prejudice based on the absence of liability evidence against Georgia-Pacific LLC and grant such other relief that is just and proper. Georgia-Pacific hereby requests that oral argument be held on this matter.

Respectfully submitted this 24th day of November, 2014,


BY:  */s/ Kevin J. O'Brien*   KJ4408
     Kevin J. O'Brien (PA ID 38393)
     **MARKS O'NEILL O'BRIEN**
     **DOHERTY & KELLY, P.C.**
     1800 JFK Blvd., Suite 1900
     Philadelphia, PA 19103
     (215) 564-6688

     Attorneys for Defendant, Georgia-Pacific LLC

## CERTIFICATE OF SERVICE

I, KEVIN J. O'BRIEN, hereby certify that on this 24th DAY OF NOVEMBER, 2014,

I caused the foregoing GEORGIA-PACIFIC LLC'S MOTION FOR RECONSIDERATION

OF THE NOVEMBER 10, 2014 ORDER GRANTING IN PART AND DENYING IN

PART THE MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANT

GEORGIA-PACIFIC LLC to be filed with the Court electronically via ECF system and is

available for viewing and downloading from the ECF system, and a true and correct

copy to be served to Plaintiffs' counsel and all defense counsel via electronic service-ECF

system.


By:    */s/ Kevin J. O'Brien*___KJ4408__
         Kevin J. O'Brien (PA ID 38393)
         **MARKS O'NEILL O'BRIEN**
         **DOHERTY & KELLY, P.C.**
         1800 JFK Blvd., Suite 1900
         Philadelphia, PA 19103
         (215) 564-6688

         Attorneys for Defendant, Georgia-Pacific LLC