IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS : Consolidated Under
LIABILITY LITIGATION (No. VI) MDL DOCKET NO. 875

KILGORE

v.

VARIOUS DEFENDANTS : E.D. Pa. Case No. 13-04029

FILED
DEC 15 2014
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

O R D E R

AND NOW, this **15th** day of **December, 2014,** it is hereby **ORDERED** that Defendant Georgia-Pacific LLC's Motion for Reconsideration (ECF No. 442) is **DENIED**.[1]

AND IT IS SO ORDERED.

EDUARDO C. ROBRENO, J.

---

[1] A Motion for Reconsideration will be granted when the party seeking reconsideration establishes "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [issued its previous decision]; or (3) the need to correct a clear error of law or fact or prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995); United States v. Cabiness, 278 F. Supp. 2d 478. 483-84 (E.D. Pa. 2003) (Robreno, J.) (construing motion alleging legal error as motion for reconsideration under Fed. R. Civ. P. 59(e) and Local Rule 7.1(g)). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Defendant asserts that Decedent did not testify to working with Georgia Pacific joint compound. The record states otherwise. See Pl. Ex. B at 67-68, ECF No. 400. Accordingly, the Motion for Reconsideration is denied, as none of the Quinteros factors has been met.